818 F.2d 862
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Antonio D. WINSLOW, Plaintiff-Appellant,
v.
Edward MURRAY, Director of Virginia Penal System; Officer
Epp, City of Richmond Magistrator Office's
Magistrator; State of Virginia Penal
System, Defendant-Appellee.
 No. 86-7723.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 31, 1987.
Decided May 11, 1987.
 
 Before WIDENER and HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Antonio D. Winslow, appellant pro se.
 PER CURIAM:
 
 
 1
 Antonio D. Winslow, a Virginia inmate, appeals the district court's dismissal of his civil rights action. We affirm.
 
 
 2
 Winslow filed a complaint alleging that Virginia prison officials had denied him adequate medical treatment. The district court ordered that the action be conditionally filed in forma pauperis. The court concluded that Winslow should exhaust his administrative remedies. The court continued the action for 90 days to permit Winslow to pursue those remedies. The court also ordered Winslow within 100 days of the order to advise the court (1) of the results of the administrative proceedings and (2) of his desire to reassert the claim. The court warned Winslow that if he did not so advise the court, his action would be dismissed. after more than 100 days had passed, Winslow had failed to advise the court of the results of administrative proceedings or his desire to reassert the claim. The district court dismissed the action without prejudice.
 
 
 3
 Under the Civil Rights of Institutionalized Persons Act, 42 U.S.C. Secs. 1997 et seq., a district court may stay a prisoner suit brought under 42 U.S.C. Sec. 1983 for up to 90 days in order to require the prisoner to exhaust his administrative remedies, if the court believes that such a requirement is appropriate and in the interest of justice. Section 1997e(a)(2) requires that the United States Attorney General certify that the state administrative remedies are substantially in compliance with the applicable standards set forth in Sec. 1997e(b). The Attorney General has so certified the inmate grievance procedures of the Virginia Department of Corrections. Pursuant to Sec. 1997e(a)(1), the district court granted Winslow a continuance to afford him the opportunity to pursue his administrative remedies We discern no abuse of discretion in the district court's dismissal without prejudice of the action upon Winslow's failure to either reassert his claim or inform the court of the results of his pursuit of those remedies.
 
 
 4
 Accordingly, because the materials before the Court adequately present the facts and legal arguments and oral argument would not significantly aid the decisional process, we dispense with oral argument and affirm the judgment of the district court.
 
 
 5
 AFFIRMED.